## Commonwealth v. Dolen

*Hudacsek & Lewis,* for appellant.

*Conte & Courtney,* for Commonwealth.

SOHN, J., July 21, 1959.—This is an appeal from the suspension for a period of six months by the Secretary of Revenue of the operator's license of Anson Dolen. From the evidence we find the facts as follows:

### Findings of Fact

1. Anson Dolen is duly licensed to operate motor vehicles in Pennsylvania.

2. Effective as of April 20, 1959, the Secretary of Revenue suspended the operator's license of Dolen for a period of six months assigning intoxication in the State of New York as the reason supporting the suspension.

3. Under date of November 21, 1958, the Commissioner of Motor Vehicles of the State of New York, notified Dolen that his privilege of operating motor vehicles in New York was revoked. The notice of revocation contained the following: "Cause: Convicted on 10/20/50 at Special Sessions Court, Clarence, N. Y. of violation of Section 70-5 of the Vehicle and Traffic Law—driving while intoxicated."

### Discussion

This matter was listed for trial on June 26, 1959, at which time we advised counsel for the Commonwealth that the evidence was not adequate to support an order dismissing the appeal. On our motion, the matter was continued until July 13, 1959, on which date a hearing was held. The Commonwealth apparently desires to have a decision on the validity of a revocation or suspension on only the record of conviction in another

State. Unfortunately, we cannot decide that question in this case. We did refer to such a situation in Holsinger Petition, 13 Beaver 121.

Article VI, sec. 615(e), of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §192, as amended, provides:

"The secretary is hereby authorized after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

It will be observed that the authority in the Secretary is to suspend upon receiving notice of the conviction of such person in another State. We may assume that the Secretary had such notice in this case. However, these cases are before the court de novo: Commonwealth v. Funk, 323 Pa. 390. Section 616 of The Vehicle Code, supra, 75 PS §193, provides that on appeal the court shall take testimony and examine into the facts of the case, and to determine whether petitioner is subject to suspension.

The Commonwealth offered no evidence as to the incident, nor did it offer evidence of a conviction. It elected to stand on a notice to Dolen that his license was revoked because of a conviction in New York on a charge of driving while intoxicated. A record of conviction, if it exists, could readily be obtained and offered in evidence. Exhibit 1 is a record of nothing except that appellant's license was revoked in New York, and why it was revoked. This is not sufficient evidence in this court that Dolen was convicted in New York on a charge of operating a motor vehicle while he was intoxicated.

### Conclusions of Law

1. The Commonwealth has not met the burden of proof resting on it in this case.

2. There is no evidence before the court adequate to support a conclusion that appellant operated a motor vehicle while he was intoxicated and because of that, his license should be suspended.

3. The appeal of Anson Dolen must be sustained.

4. Costs to be paid by defendant.

### Order

And now, to wit, July 21, 1959, for the reason stated in the foregoing opinion, it is ordered, adjudged and decreed that the appeal of Anson Dolen be, and it is hereby sustained, and the order of the Secretary of Revenue suspending his operator's license for a period of six months be, and it is hereby revoked.